20-1905 from the District of South Dakota, United States v. Roy Helper. Very good. Ms. Quinn? Everybody can see me okay? Yes. I thought I had you pinned, but it went away. There we go. There we go. Okay. Thank you. Good morning. May it please the court. I'm Molly Quinn. I represent the appellant, Roy Helper. We're asking the court to deny the motion to dismiss the appeal, vacate Mr. Helper's sentence, and remand for specific performance of the plea agreement or the opportunity to withdraw the plea. And I'll start this morning with the substantive breach of the plea agreement argument. The government breached the plea agreement. It promised to recommend a sentence of five years in paragraph G of the amended plea agreement, and it didn't make that recommendation at the review. So this court would review for all four prongs of plain error, starting with the first prong, error. Again, the government promised to recommend a sentence of five years at the sentencing period. Counsel, as I understand the agreement, it specifically provided that the government may respond to any request for downward bearings. Of course, that was the basis for you recommending that the plea agreement be enforced or adopted. It seems to me that very much complicates the question of error here. I think I agree that the plea agreement did allow the government to respond to a request for a downward variance, which, of course, defense counsel did make. Our argument is that the breach itself was the failure to actually recommend five years. So our position on the record is that the government's indirect reference to five years at the end of its sentencing comments just wasn't a recommendation in the plea agreement. It seems to me a problem. The issue, as I see it, is if the agreement preserves the government's ability to oppose a downward variance and the agreed recommendation was resulted in a pretty massive downward variance, and the government does at the end acknowledge that it had agreed to the five years, seems to me the government is in kind of an ambiguous situation. It has to oppose the variance, but does it then have to do any more than acknowledge what it agreed to? Well, I think any ambiguities in the plea agreement, of course, would be construed against the government, but more fundamentally, the government's obligation was to make a recommendation of five years, and the plea agreement itself is a promise to make such a recommendation. I think it's clear from the transcript, in all fairness, that everybody anticipated that the government would make this recommendation, but the government has to actually say the words. They have to actually make the recommendation or say, not just kind of some vague or indirect reference to the fact that there was an agreement that they would make a recommendation, that they have to actually make that recommendation. Say, we recommend a sentence of five years or other language that has been found sufficient. We stand by the recommendation. For these reasons, we'd ask for a downward variance to the five years, but just this indirect reference at the end of the comments to the five years was not a recommendation. That was the breach. Now, all of the comments around that... What's the factually closest case you rely on, on this error point? You know, I think I haven't found a case where the government just didn't make a recommendation that it promised to make. So, the cases that we're citing are kind of distinguishing this  That's fine. Thank you. Go ahead, Judge Gally. If I understand your position, this, we don't, we don't have to go beyond just the fact that there was no recommendation and sort of wander into those areas where, well, it was a pretty weak recommendation or they countered it with other evidence. You're kind of standing on just the failure to say the words. Am I right? That's correct. That the government had to actually follow through with its promise to make a recommendation. Because I think that this is a really tricky area. And we have said some, some statements are enough and they don't have, the government doesn't have to make an enthusiastic recommendation. But when does a less than enthusiastic recommendation really become, well, Judge, I said this, but now I don't really mean it. But, and I think those are kind of tough. I think those are really difficult questions, but I, I just want to make sure I understood your argument that we don't really have to go there here. That's correct. That the government promised to make a recommendation. It didn't make that recommendation. No, I don't, I don't think that that particularly the reference to the victim's letter, I don't think it's entirely irrelevant to the plain error question, particularly on the second prong, the plainness or the clearness or the obviousness of the error. I think that the reference to that letter, which itself, where the victim said to me, five years is not enough, but that makes the failure to make a five-year recommendation plain, clear, and obvious under the second prong of plain error review. Because the government at most has made this indirect reference to the five years, but then tied it specifically to something, the victim's own statements that specifically addressed and rejected the five years. Well, what about the substantial rights? I mean, this, this particular report went, boy, into a lot of detail and really analyzed the issues, discussed them thoroughly, considered the factors. And I think as Judge Lopez referred to, or, you know, this was a pretty significant departure to begin with or variance to begin with. Is this one of those things where you be careful what you wish for? I think I'll answer the question about prejudice. I did want to note that we've kind of asked for two forms of relief based on the breach of the plea agreement. And the first would be, I think, under this court's case law in Lovelace and Sales, that if this court finds a breach that is plain, so the first two prongs of plain error review, it can find that the appeal waiver itself is unenforceable against Mr. Helper and go on to consider the remaining issue on appeal, in this case, the substantive reasonableness. But, you know, to show, to get a remedy on the breach of plea agreement, we do need to show all four prongs. And I think going back to that standard, the reasonable probability that Mr. Helper would have received a more favorable sentence. I agree that the district court gave a relatively thorough sentencing analysis, and it's kind of hard to compare the lack of something to what the district court did. But the government gave the court a lot of reasons to go above five years and no reasons to go below. And again, we know that it doesn't have to be an enthusiastic recommendation, but that does at least help show that had the government stood by the plea agreement, notwithstanding all the information that had come out really close to sentencing, those letters came in the day before and the day of sentencing, there would have been power in the government affirmatively and explicitly standing by its obligation and saying, yes, this is all here. We hear all those words. We recommend five years. And a government recommendation for five years, as we've noted, would be a downward variance. It would have given the district court a clear path to achieve a five-year sentence in this case. And I think a government recommendation would have helped reinforce that what Mr. Helper did in this plea agreement is that he relieved the victim from having to come to court to testify. And so that by the government standing by its recommendation, it would have helped make clear what Mr. Helper gave up by pleading guilty in this case. And that is one of those things which helped the victim in this case. And so under all of those circumstances, I think we have to show a reasonable probability the sentence would have been more favorable. There's a three-year gap we're really looking at here between the five-year promise recommendation and the eight-year sentence that was imposed. And we do think that we have shown that there is a reasonable probability that Mr. Helper would have received somewhere between those five and eight years. And then just briefly on the fourth prong, this is the type of error that the court should exercise its discretion to remedy for two reasons. The first is, of course, any chance that somebody is spending more time in custody warrants relief under plain air review. And second, kind of goes back to the role of plea agreements in the system, that the system depends on the promises the government made to give them to give up a considerable number of rights to sign, as in this case, a factual basis statement that admits to more than he had to admit to for the charged offense of a sexual contact, which then ends up with the guideline range at the 10 years. And for those two reasons, this is the type of error that the court should exercise its discretion. And I'll just reserve the remainder of my time, please. Thank you. Mr. Sazama, Ms. Sazama. Do I pronounce that right? You are, Your Honor. Thank you. Can you hear and see me? Yes, just fine. Thank you. May it please the court and counsel, my name is Heather Sazama with the United States of America, appearing on behalf of the United States in this case. Because there was no breach of the plea agreement at the appellant sentencing, we are asking the court to enforce the appellant's appeal. If you do find there was a breach of the plea, resentencing is not required here, because the defendant cannot and has not shown a reasonable probability of prejudicial error. In other words, it's clear beyond doubt that the breach, if there was one, had no impact on the appellant sentence. Finally, the district... Excuse me, what I heard Ms. Quinn say this morning is they want the right to withdraw the plea. There was no discussion of resentencing. Yes, well, remanding to allow withdrawing of the plea is also a remedy that's not required here. The cases in which that remedy has been viewed as appropriate by this court, Santabelle, Yacht, Lovelace, are cases in which there was a blatant, really undeniable breach of the plea agreement, which are not the facts before the court in Mr. Helper's case. I haven't researched this, but have you got a case where there was the finding of a breach and plea withdrawal, an opportunity withdrawal was refused by an appellate court? Yes, well, Goings and Jeffries are more akin to the instant case here. In Goings and Jeffries, those are cases in which any breach, if there was one, was not clear as they were in Santabello and Yacht, where there could really be no reasonable argument. I thought Jeffries said there was no breach, but I've not read it carefully. Are you saying that they said it even if there were a breach sort of approach, this court did? In Jeffries, the court found that plain error had not been met, so thank you for that clarification. Okay, well, my follow-up question, don't you think this is, in Jeffries' language, a, quote, less than enthusiastic, unquote, recommendation in this case? I agree. It was not an enthusiastic recommendation, but the prosecutor's comments should be viewed as a whole and in their proper context. The prosecutor made three references to the plea agreement. Following the court's two references to the non-binding 60-month recommendation, also the prosecutor's comments followed the defense attorney's acknowledgment of the plea agreement. The prosecutor's comments were three. They weren't simply a passing remark at the end of her statements. Sentencing transcript, page 22, the prosecutor said, quote, many of the reasons why we did reach the agreement we did reach, and then she continues to speak to facts which are fairly covered by paragraph G of the plea agreement, which Judge Loken pointed out. The prosecutor also commented at page 24 of the sentencing transcript, quote, in reaching this agreement, end quote, and then she continued to speak to some of the victim's trauma and facts of that nature, and then finally, at the close of her remarks, the prosecutor said she would, well, she was speaking to the impact of the victim impact statement, and the prosecutor said, quote, I ask the court to consider it heavily in making its decision for the five years. Now, the prosecutor's comments were affirmative with respect to the plea agreement, and she did not equivocate. This is not a case like Santabella or Ya, where, for example, there's been an agreement to recommend a base offense level, and then at sentencing, the prosecutor said, no, you know, I think that the court, those circumstances are not present here. So, the government does not require to recite magic language. She's not required to join. I have a question about that. I'm not sure it's magic. It says in the, you know, putting aside anything else in the plea agreement, it says United States agrees that it will recommend that the court impose a sentence of imprisonment of five years, and I think it's pretty undisputed that at least some variation of those words or recommendation weren't made. Why shouldn't we hold the government to that express agreement like we, you know, we hold both parties to the terms of their agreements? Well, this, thank you for the question, Judge Kelly. There, I'm not aware of any case which says the prosecutor has to, you know, make a specific quote. The plea agreement, again, was spoken of in the affirmative. It was acknowledged the prosecutor was not equivocal about what her recommendation was, although she didn't use the word recommendation. She made comments which are fair game under paragraph G of the plea agreement, and was it enthusiastic? It wasn't, but she did make her recommendation as she was required to do. So, let me, I just want to make sure I understand your position. You believe that referencing the plea agreement is the recommendation, referencing that the agreement generally suffices for recommending the sentence of five years? Am I still, I think this is more akin to a case where the government's recommendation was unenthusiastic, like Jeffrey's goings and has no horses. She didn't equivocate. Again, she didn't use the word recommend, and I'm not aware of any case law which has held that the prosecutor must say the word recommend, although the plea agreement undoubtedly uses that word. The prosecutor didn't at sentencing, unfortunately, but she did refer to it three times in the affirmative. She never objected to the court's comments about the 60-month recommendation. She never objected to the defendant's comments about it as well. So, in light of our position that there was no breach, we're asking the court to enforce the appellate waiver of the right to appeal this sentence because circumstances in which this court has found a miscarriage of justice simply aren't present here. In the United States versus Andis case, this court limited a finding of miscarriage of justice to circumstances and as the court has already noted, there was a substantial downward variance and the court gave a sentence within statutory limits here. So, circumstances which rise to the level of miscarriage of justice are simply not present here. Even if the court finds there was a breach, remand for withdrawal of a plea or resentencing is not the appropriate remedy. In both Lovelace and Keller, which is cited in Lovelace and I believe cited too by the parties in their briefs, the court found resentencing and withdrawal of a plea was not required despite error because the defendant failed to demonstrate a reasonable probability of prejudicial error. The same is true, well, I should say the United States versus Goings case also is instructive on this point. In that case, the court found or held that the sentence can be affirmed on any ground which is clear beyond doubt that the breach didn't impact the appellant's sentence and those are the circumstances before this court. The district court made a clear record about his opinions of the case beginning almost immediately from the time he took the bench. He made multiple references to non-binding nature of the plea agreement, the victim impact statements, similar cases he's seen. I don't see any reference in Lovelace to the question of what would happen on remand. All it was was the appeal waiver was enforced because under plain error review. I don't remember seeing any discussion in sales of anything else. I think the question, and I'm going to, I want Ms. Quinn to say some more about this, the question of what happens if we were, if we were manned because there was a, you know, a plain error violation breach of the plea agreement. We were manned to a district judge who was never asked to withdraw, to allow withdrawal of the plea and was never asked for a resentencing. So, so how do we do that? Well, I don't think that is the appropriate remedy here in, because again... Wait a minute, what other remedy is there? Well, I don't think... For us to direct a five-year sentence? Not at all. You wouldn't favor that? No, Your Honor. What we're asking the court to do is to find there's no breach, of course, and enforce the appellate waiver. But in any event, remanding for withdrawal of the plea or resentencing is not appropriate here because this is a closer case. Wait, you haven't got any cases to that. You haven't told me that there's a case where a breach of the plea agreement that is not, that amounts to plain error is held. And now what does the appellate court do? Well, if I may just respond very briefly, I see my time is up. This case is more like Goings and Jeffries, where the court found... You've already said that. If you don't have a case that addresses what an appellate court does in the situation I defined, then I'll see if Ms. Quinn does. Thank you, Your Honor. Thank you. Ms. Quinn, I'll make it two minutes for rebuttal, but I hope you would mostly address this issue because you're the one who said, I want my client to be able to withdraw his plea. And does Judge Viken, who was never asked to do that, have to do it? I would take a... Then he goes to trial and the victim testifies and the mom testifies. And now we're in what Judge Kelly said, don't wish for what you may not like. And if Judge Viken says, no, this is not a plea, this is not grounds to withdraw the plea, then what? Thank you. I'll start with how the court has stated the remedy in case law. I'm looking at the Yah case, and admittedly, I don't think this is a plain error case. But the remedy for a government breach of the plea agreement is a remand for specific performance of the plea agreement by the government and resentencing by a different judge or the opportunity to withdraw the plea. And so I do want to clarify... That's an A circuit case? Yes. Instructing a different judge? It does. And I think that that comes from the Supreme Court opinion in Santabello. Again, not a plain error case, but that is cited in the Puckett case, the Supreme Court's plain error for a breach case. And so I do want to make clear, I did want to clarify that  I've interpreted this court statement of the remedy as a remand with both of those options on the table, the resentencing before, and I think the Supreme Court case law makes clear it is before a different judge, with the government being instructed to specifically perform... Wait, wait, wait, wait, wait, wait. On plain error review, you're telling us that we have to order Judge Viken, who did nothing wrong, off the case. If I can discuss it, I know my time is running out, if I may answer with a slight to a different case. Well, I mean, yeah, you give us a case where we ordered a district court off the case for plain error on an issue that was not raised to him or her. Yes, the only case that I'm aware of that did find all four prongs of plain error on a breach of the plea agreement is United States versus Lara, and I can provide the site in the 28-J, or I can give it to you now. I'm sorry? No, no, no, go ahead. Thank you. There, the court, and I believe, Judge Benton, you wrote this opinion, Judge Loken, you were on the panel that there was a breach of the plea agreement relating to a drug quantity stipulation. And the court said, and I quote, because the government breached the plea agreement, the judgment must be vacated, and the case remanded to the district court for resentencing before a different judge. Okay. That is, again, that's the only plain error, breach of a plea agreement on plain error. That's very helpful. That's very helpful. Thank you. And also, I was assuming you were criminal justice act appointed, but apparently not. But in any event, counsel, you and opposing counsel have very effectively briefed and argued, and we'll take the case under our advisement.